FILED FOR RECORD 05/17/2019 15:38:32
Shelley M. Mauterer, DY CLERK
JEFFERSON PARISH, LA

**24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

DOCKET NO.: 795-311                                                                                   DIVISION: " "

**MIKIA BELL**

**VERSUS**

**DEPARTMENT OF PUBLIC SAFETY AND CORRECTION,
YOUTH SERVICES, OFFICE OF JUVENILE JUSTICE, AND
COLONEL KEVIN W. REEVES, INDIVIDUALLY AND IN HIS CAPACITY
DEPUTY SECRETARY, DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS**

FILED: _____            _____
                                                                     **DEPUTY CLERK**

**PETITION FOR DAMAGES**

NOW COMES Petitioner, Mikia Bell ("Ms. Bell"), an individual of the full age of majority and resident of the Parish of Orleans, State of Louisiana, who, for her Petition for Damages respectfully avers as follows:

1.

Made Defendants herein are:

a.  The Department of Public Safety and Corrections, Youth Services, Office of Juvenile Justice, an arm of the State of Louisiana, domiciled in the Parish of East Baton Rouge, State of Louisiana;

b.  Colonel Kevin W. Reeves, Individually and in his Official Capacity as Deputy Secretary, Department of Public Safety and Corrections, domiciled, on information and belief in the Parish of East Baton Rouge, State of Louisiana; and

Collectively referred to as "Defendants."

2.

This Court has subject matter jurisdiction pursuant to Louisiana Code of Civil Procedure art.

2.

3.

Venue is proper in this Court pursuant to Louisiana Revised Statute 13:5104.

4.

Between October 24, 2016, and October 6, 2017, Ms. Bell was employed as a Juvenile Justice Specialist at the Bridge City Center for Youth ("the Center"), located in the Parish of

Exhibit A

Jefferson, State of Louisiana, and owned and operated by the State of Louisiana's Department of Public Safety and Corrections, Youth Services, Office of Juvenile Justice ("the Department"). As a Juvenile Justice Specialist, Ms. Bell worked among the juvenile population at the Center. At the time she was hired, Ms. Bell was informed that she would be in a probationary period for one year, after which time she would be eligible for a bonus based on her supervisor's evaluation of her performance.

5.

In March 2017, Ms. Bell notified Leroy Crawford ("Mr. Crawford"), Assistant Director of the Center, and her supervisor, that she was pregnant. At that time, Ms. Bell gave Mr. Crawford a physician's note that stated the date Ms. Bell would be able to return to work on light duty. At the instruction of Mr. Crawford and Joan King ("Ms. King"), Front Gate Supervisor, Ms. Bell obtained and returned a completed Medical Certification Form. See Exhibit "1," which is incorporated herein by reference, as if restated in its entirety. Upon information and belief, based on that Medical Certification Form, on or about April 17, 2017, Ms. Bell was assigned to a position at the front gate of the center. Ms. Bell's assignment to this position was confirmed by a letter from Stephanie Mills ("Ms. Mills"), Facility Director of the Center, dated April 21, 2017. See Exhibit "2," which is incorporated herein by reference, as if restated in its entirety.

6.

Ms. Bell worked at the front gate until May 4, 2017, when she was called into a meeting with Ms. Mills; Ms. King; Human Resources representative, Ashanta Barkins; and, another employee at the Center, Monique Fisher. During the meeting, Ms. Bell was told that, based on the Medical Certification Form she submitted, there was no position for her at the Center and that she would be forced to take sick leave. This was confirmed by letter from Ms. Mills dated May 11, 2017. See Exhibit "3," which is incorporated herein by reference, as if restated in its entirety. Ms. Bell was advised by Ms. King that, in truth, she was removed from her light duty position at the front gate because of a complaint by a non-pregnant co-worker.

7.

While on involuntary and the employer-forced sick leave, on July 24, 2017, Ms. Bell was notified by Sharonda Smith ("Ms. Smith"), Administrative Program Director of the Center, that she had received an overall evaluation of "Needs Improvement/Unsuccessful" on her annual evaluation.

See Exhibit "4," which is incorporated herein by reference, as if restated in its entirety. Ms. Smith's letter advised Ms. Bell of her appeal rights. Ms. Bell questioned the evaluation on the grounds that her performance could hardly be evaluated because she was not allowed to work as a result of being forced on sick leave. Upon appealing the evaluation, it was corrected to state "the employee was never evaluated." See Exhibit "5," which is incorporated herein by reference, as if restated in its entirety.

8.

Ms. Bell filed a Charge of Discrimination with the Equal Employment Opportunity Commissions ("EEOC") on July 31, 2017, alleging discrimination based on sex and pregnancy in violation of Title VII of the Civil Rights Act of 1964, as amended. See Exhibit "6," which is incorporated herein by reference, as if restated in its entirety.

9.

On September 28, 2017, and after Ms. Bell filed a Charge of Discrimination with the EEOC, Ms. Bell was notified by Jacqueline Page, Interim Facility Director, Deputy Assistant Secretary of the Center, that her employment would be terminated effective October 6, 2017. See Exhibit "7," which is incorporated herein by reference, as if restated in its entirety. Significantly, the notification of Ms. Bell's termination came only days after the EEOC inquired with Defendants regarding when response to Ms. Bell's Charge of Discrimination would be forthcoming.

10.

On October 11, 2017, Ms. Bell filed an Amended Charge of Discrimination with the EEOC alleging retaliation based on the termination of her employment after she engaged in protected activity, specifically, filing a discrimination claim with the EEOC. See Exhibit "8," which is incorporated herein by reference, as if restated in its entirety.

11.

On February 19, 2019, the EEOC issued a notice of right to sue to Ms. Bell. See Exhibit "9," which is incorporated herein by reference, as if restated in its entity.

12.

As outlined above, the Defendants violated Ms. Bell's rights to be free from discrimination and retaliation in employment based on sex and, more particularly, pregnancy, and further violated her right to be free from retaliation by her employer after filing a claim of discrimination with the

EEOC, all in violation of Title VII of the Civil Rights Act of 1964, as amended. Ms. Bell belongs to protected classes. She is female and, at all relevant times, she was pregnant; she sought an accommodation of light duty work based on the recommendation of her physician; while she was initially accommodated by being assigned a post at the front gate, her accommodation was terminated, she was forced to take sick leave; and the Department accommodated other employees similar in their ability or inability to work. Moreover, after Defendants learned that Ms. Bell filed a charge of discrimination with the EEOC, her employment was terminated. Thus, Defendants subjected Ms. Bell to discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended.

13.

By terminating Ms. Bell's employment after she filed a Charge of Discrimination with the EEOC and she evidenced her intent to pursue that Charge of Discrimination through the EEOC's contact of her employer inquiring about its position statement, Defendants retaliated against Ms. Bell for engaging in activity protected under Title VII of the Civil Rights Act of 1964, as amended and are liable to her.

14.

Defendants also violated the Equal Protection Clause of the United States and Louisiana Constitutions and are liable to Ms. Bell. Defendants intentionally treated Ms. Bell differently than other similarly-situated employees. Defendants' conduct was devoid of a rational basis for the difference in treatment. Defendants' actions were arbitrary and irrational, and were motivated by ill will and a totally illegitimate animus towards Ms. Bell. 42 U.S.C. § 1983.

15.

Defendants are also liable unto Ms. Bell under Louisiana's employment discrimination statute, Louisiana Revised Statute 23:342, because it had a policy or practice of authorizing the transfer of temporarily disabled employees to less strenuous or hazardous positions for the duration of their disability but refused such transfer to Ms. Bell and because it refused to temporarily transfer Ms. Bell to a less strenuous or hazardous position as requested by her on advice of her physician, when such transfer could be reasonably accommodated.

16.

Alternatively defendants abused their right(s) in violation of applicable Louisiana law and

doctrine. At all times pertinent hereto, Defendants were completely and fully aware of Plaintiff's rights under applicable federal and state law. Defendants' conduct violated moral rules, good faith and/or elementary fairness; and/or Defendants exercised their right(s) for a purpose other than that for which it was intended or for which they were granted.

17.

As a result of the foregoing, Ms. Bell has suffered damages, including but not limited to loss of income, past and future; loss of future benefits; and emotional distress.

WHEREFORE, Petitioner, Mikia Bell, prays that her Petition for Damages be filed and served upon Defendants, Department of Public Safety and Corrections, Youth Services, Office of Juvenile Justice; and Colonel Kevin W. Reeves, Individually and in his Official Capacity as Deputy Secretary, Department of Public Safety and Correction, and that, after all due and legal proceedings are had, there be judgment in favor of Petitioner and against Defendants for all sums and damages referenced herein and those that are just and due in the premises and recoverable as a matter of law, including but not limited to loss of income, past and future; loss of future benefits, emotional distress, attorney fees, costs and legal interest.

Respectfully submitted,

LOWE, STEIN, HOFFMAN, ALLWEISS & HAUVER, LLP

_____
MELANIE C. LOCKETT #30601
MARYNELL L. PIGLIA #20329
701 Poydras, Suite 3600
New Orleans, Louisiana 70139-7735
Telephone:  (504)581-2450
Facsimile:   (504) 581-2461
**Attorneys for Mikia Bell**

**PLEASE SERVE:**

Department of Public Safety and Corrections,
Youth Services, Office of Juvenile Justice
Through Jeff Landry,
Attorney General of the State of Louisiana
1885 N. 3rd Street
Baton Rouge, Louisiana 70802

EBR-52940
#133.44

SERVICE INSTRUCTIONS CONTINUE ON NEXT PAGE

Department of Public Safety and Corrections,
Youth Services, Office of Juvenile Justice
Through Colonel Kevin W. Reeves,
Deputy Secretary, Department of
Public Safety & Corrections
602 N. 5th Street
Baton Rouge, Louisiana 70802

Department of Public Safety and Corrections,
Youth Services, Office of Juvenile Justice
through the Office of Risk Management
through its Director, Melissa Harris
1201 N. Third Street, G-192
Baton Rouge, Louisiana 70802

Colonel Kevin W. Reeves
Individually and in his Official Capacity as
Deputy Secretary, Department of
Public Safety & Corrections
602 N. 5th Street
Baton Rouge, Louisiana 70802