UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MIKIA BELL,<br><br>                Plaintiff,<br><br>VERSUS<br><br>KEVIN W REEVES, COLONEL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DEPUTY SECRETARY, DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS; AND DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, YOUTH SERVICES, OFFICE OF JUVENILE JUSTICE;<br><br>                Defendants. | 19-CV-11435<br><br>JUDGE GREG GERARD GUIDRY<br><br>MAGISTRATE JUDGE<br>JANIS VAN MEERVELD |

ORDER AND REASONS

Before the Court is the plaintiff's Motion for Leave to File Amended Complaint. (Rec. Doc. 14). For the following reasons, the Motion is GRANTED.

Background

Plaintiff Mikia Bell began working as a Juvenile Justice Specialist at the Bridge City Center for Youth (the "Center")[1] on October 24, 2016. Bell alleges she was unlawfully discriminated against on the basis of sex and pregnancy when the Center forced her to take sick leave on May 4, 2017. Bell also alleges that the Center unlawfully discriminated against her in retaliation for her filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") when she was terminated from her employment on October 6, 2017. The EEOC issued a right to sue letter on February 19, 2019. This lawsuit ensued.

---

[1] Bell alleges that the Center is owned and operated by the State of Louisiana's Department of Public Safety and Corrections, Youth Services, Office of Juvenile Justice.

1

Bell's original Petition, filed in Louisiana state court, named as defendants the State of Louisiana's Department of Public Safety and Corrections, Youth Services, Office of Juvenile Justice (the "Department")[2] and Colonel Kevin W. Reeves, individually and in his official capacity as Deputy Secretary of the Department. On July 1, 2019, the Department removed to this court on the basis of federal question jurisdiction. Before the defendants had answered, on August 12, 2019, Bell filed the present Motion for Leave to File Supplemental and Amended Complaint. She represents that counsel for Reeves and the Department had informed her counsel that Reeves and the Department may not be the proper defendants. Bell asserts that out of an abundance of caution she seeks to join as defendants James M. Le Blanc, the Secretary of the Department of Public Safety and Corrections, and Dr. James Beuchler, the Deputy Secretary of the Office of Juvenile Justice. She argues that under Federal Rule of Civil Procedure 15, leave to amend a complaint should be freely given when justice so requires and that here, justice so requires. No scheduling order has yet been issued, and there is no court ordered deadline to amend pleadings in effect.

The Department and Reeves filed their Answer on August 22, 2019. In their Fourth Affirmative Defense, they assert that Reeves is not a proper party to the action pursuant to Louisiana Revised Statute § 36:405 or that, alternatively, he is immune from liability because any acts or omissions on his part fall within the scope of his lawful powers and duties. In their Eleventh Affirmative Defense, they further plead that Reeves is not an employer under Title VII and/or Louisiana's employment discrimination statute. In their Third and Eighth Affirmative Defenses, both defendants plead qualified immunity. Although not plead as an affirmative defense, defendants also allege that plaintiff's § 1983 claims against them are barred by sovereign

---

[2] The Department is alleged to be an arm of the State of Louisiana.

immunity. Defendants do not appear to take the position in their Answer that the Department is an improper party.

In opposition to Bell's Motion for Leave to File Supplemental and Amended Complaint, the Department and Reeves argue that Bell's claims against LeBlanc and Buechler are futile. They assert that LeBlanc is not a proper party to this litigation under Louisiana Revised Statute § 36:405 because he does not oversee or have any responsibility over the Department. They assert that while Buechler does have authority over the Department, its employees, and decisions to hire, transfer, or remove an employee, Bell cannot maintain a claim against him because her state law and official capacity claims under § 1983 are barred by sovereign immunity; because she has failed to state a claim against Buechler in his individual capacity under § 1983; and because Buechler cannot be held liable in his official or individual capacity under Title VII or Louisiana's employment discrimination law. Defendants do not explain on what basis they have standing to assert futility on behalf of LeBlanc and Buechler.

On September 4, 2019, plaintiff filed a reply memorandum in which she points out that the defendants are asserting defenses of parties that are not even before the Court at this time. She argues that the court may not deny leave to amend unless it has a substantial reason to do so. She further argues that defendants have waived any right to assert sovereign immunity as a defense by removing this action and voluntarily invoking the federal court's jurisdiction.

Law and Analysis

1. *Standard for Leave to Amend*

Under Federal Rule of Civil Procedure 15(a)(1), a party may amend its pleading once as matter of course within 21 days after serving it or within 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f), whichever is earlier. When the time period for

amending a pleading as a matter of course has passed, a party may amend its pleadings by consent of the parties or by leave of court. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. Thus, the United States Court of Appeals for the Fifth Circuit instructs that the "district court must possess a 'substantial reason' to deny a request for leave to amend." Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004). Nonetheless, "that generous standard is tempered by the necessary power of a district court to manage a case." Yumilicious Franchise, L.L.C. v. Barrie, 819 F.3d 170, 177 (5th Cir. 2016) (quoting Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003)). The court may consider numerous factors when deciding whether to grant a motion for leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003).

2. *Analysis*

Here, plaintiff has not previously amended her complaint. Her proposed amended pleading was filed less than 21 days after the named defendants filed their responsive pleadings. Under Rule 15(a)(1), Bell is entitled to amend her complaint as of right.

Even if plaintiff was not entitled to amend her complaint as of right under Rule 15(a)(1), the court must possess a substantial reason to deny leave to amend. In the present matter, the defendants raise futility on behalf of the proposed new defendants. It is unclear on what basis the defendants have standing to raise such arguments. Moreover, at this stage, arguments concerning futility are premature and may be raised by LeBlanc and Buechler when they make their

4

appearances. At this time, the court does not possess a substantial reason to deny Bell leave to amend.

## Conclusion

For the foregoing reasons, the Motion for Leave to File Supplemental and Amended Complaint (Rec. Doc. 14) is GRANTED; Plaintiff's Supplemental and Amended Complaint shall be entered into the record.

New Orleans, Louisiana, this 10th day of September, 2019.

                                                Janis van Meerveld
                                        United States Magistrate Judge